**Burton R. MCNEAL Plaintiff–Appellant,**

v.

**John ASHCROFT, Attorney General of the United States (Immigration and Naturalization Service, Agency), Defendants–Appellees.**

**No. 02–6039.**

United States Court of Appeals, Second Circuit.

Sept. 4, 2003.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Burton R. McNeal, Beebe Plain, VT, pro se.

Carol L. Shea, Assistant United States Attorney, for Peter W. Hall, United States Attorney for the District of Vermont, for Defendants–Appellees.

PRESENT: WINTER, CALABRESI, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

In May 1999, plaintiff-appellant Burton R. McNeal, an employee of the Immigration and Naturalization Service ("INS"),[1] brought an action in United States District Court for the District of Vermont (Sessions, *J.*) alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; Title VII, 42 U.S.C. § 2000e *et seq.;* and the Rehabilitation Act, 29 U.S.C. § 791. McNeal claimed that the INS discriminated against him (1) on the basis of age and national origin when he was not selected for GS–11 and GS–12 supervisory immigration inspector positions in Honolulu, Hawaii in 1982, 1983, and 1987; and (2) on the basis of age and disability when he was not selected for a GS–9 immigration inspector position in Toronto, Canada in 1988. The district court granted summary judgment to defendants on all Rehabilitation Act claims and all claims arising from his Hawaii non-selection, and found against plaintiff, on the merits following a bench trial, on the Toronto age discrimination claim and a related retaliation claim.

With regard to the grant of summary judgment as to McNeal's Rehabilitation Act claims, Hawaii national origin discrimination claim, and age discrimination claims related to Hawaii personnel actions completed prior to May 1985, we affirm, for substantially the reasons given by the district court.[2] Two matters, however, require more attention. First, plaintiff argues on appeal that the district court abused its discretion in excluding evidence, in the bench trial, of retaliation prior to 1988. But McNeal has offered no showing to this court that he engaged in a "protected activity" prior to 1988 that could serve

---

1. On March 1, 2003, the INS ceased to exist as an independent agency, with many of its functions transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135 (Nov. 25, 200). The INS is now called the Bureau of Citizenship and Immigration Services. For purposes of this order, however, it will be referred to as the INS.

2. We reject McNeal's contention that the discrimination he faced was both continuing and systematic, thus amounting to a hostile work environment. The various Hawaii and Toronto job actions were precisely the sort of "discrete discriminatory act[s]" that "start[ ] a new clock" for purposes of filing an EEO complaint. *Elmenayer v. ABF Freight System,* 318 F.3d 130, 134 (2d Cir.2003). *See also National Passenger R.R. Corp. v. Morgan,* 536 U.S. 101, 115, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' ").

as the basis for a retaliation claim under the ADEA. *See* 29 U.S.C. § 623(d). Therefore, the district court's decision not to consider pre–1988 evidence relating to plaintiff's retaliation claim was not an abuse of discretion.

Second, the district court found that plaintiff did not timely exhaust his 1987 Hawaii age-discrimination claim. Plaintiff makes some arguments on the basis of which one could question that finding. But assuming *arguendo* that the claim was exhausted, we hold that the evidence is insufficient for a reasonable trier of fact to find for plaintiff on the merits on that claim. The district court's grant of summary judgment was therefore appropriate with regard to that claim as well.

We have considered all of plaintiff's claims and find them meritless. We therefore AFFIRM the judgment of the district court.